1
2
3
4
5
6
7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                      EASTERN DISTRICT OF CALIFORNIA

9
TAD C. BEST,                          )        1:09mc00038 DLB
10                                    )
                                      )
11                                    )
                                      )        ORDER DISMISSING ACTION
12            Petitioner,             )
                                      )
13       vs.                          )
                                      )
14  UNITED STATES OF AMERICA, et al., )
                                      )
15                                    )
                                      )
16            Respondents.            )
_____)
17
        On August 21, 2009, Petitioner Tad C. Best, proceeding in pro se, filed a petition to quash a
18
third party summons issued by the Internal Revenue Service to Union Bank.
19
        On January 22, 2010, the Court issued an Order to Show Cause why the action should not be
20
dismissed for lack of subject matter jurisdiction.  The Court explained that Petitioner had not filed a
21
proof of service or otherwise indicated that he had provided proper notice.  The Court ordered
22
Petitioner to file a written response or, alternatively, to file a proof of service, within 20 days of the
23
date of service of the order.
24
        On February 1, 2010, the Order to Show Cause was returned to the Court by the United
25
States Post Office as undeliverable.  The envelope stated, "Moved Left No Address- Return to
26
Sender."
27

28                                          1

1    Plaintiff has not updated his address or otherwise contacted the Court.

2                                          **DISCUSSION**

3         Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the

4    court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent

5    part:

6              If mail directed to a plaintiff in propria persona by the Clerk is returned
               by the U.S. Postal Service, and if such plaintiff fails to notify the Court
7              and opposing parties within sixty (63) days thereafter of a current
               address, the Court may dismiss the action without prejudice for failure
8              to prosecute.

9         In the instant case, over 63 days have passed since Plaintiff's mail was returned and Plaintiff

10   has not notified the Court of a current address.

11        In determining whether to dismiss an action for lack of prosecution, the Court must consider

12   several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

13   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

14   disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v.

15   Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The

16   Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest

17   in managing the docket weigh in favor of dismissal.  The Court cannot hold this case in abeyance

18   indefinitely based on Plaintiff's failure to notify the court of his address.  The third factor, risk of

19   prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises

20   from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d

21   522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their

22   merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given

23   the Court's inability to communicate with Plaintiff based on his failure to keep the Court apprised of

24   his current address, no lesser sanction is feasible.

25

26

27

28                                                    2

## <u>ORDER</u>

Accordingly, this action is HEREBY DISMISSED based on Plaintiff's failure to prosecute, and the Clerk of the Court is DIRECTED to enter judgment.


IT IS SO ORDERED.

   **Dated:   April 13, 2010**            **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

3